**People of the State of Illinois, Plaintiff-Appellee, v. Michael G. Johnson, Defendant-Appellant.**

Gen. No. 51,261.

First District, Third Division.

June 8, 1967.

George S. Feiwell, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, William F. Schwind and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The defendant was charged with speeding and found guilty. The complaint against the defendant set forth his name and address. It also set forth that on October 10, 1965, at 3:45 a. m. the defendant drove and operated a motor vehicle, to wit, a Chevrolet, upon a public highway of this State, to wit, on Calumet Expressway between 111th and 124th Streets, within the corporate limits of the City of Chicago, and did then and there unlawfully

violate section 49(a)(2) UART of the State of Illinois (Ill Rev Stats 1965, c 95½, par 146). The complaint also alleged that the defendant was driving at the rate of 87 miles per hour in a 55 mile per hour zone. The action was brought by the People of the State of Illinois. After trial the defendant was found guilty. A motion in arrest of judgment was filed and overruled.

Section 49(a)(2) UART provides that no person shall drive any vehicle upon any public highway of this State at a speed which is greater than the applicable maximum speed limit established by this section or by a regulation or ordinance made pursuant to the provisions of this Article.

The defendant's sole contention on this appeal is that the complaint was defective in that it failed to charge a violation of the statute.

In People v. Perlman, 15 Ill App2d 239, 145 NE2d 762, the defendant was charged with speeding. The information alleged that the defendant "did . . . operate a certain motor vehicle . . . upon a public highway of this state, to wit, Peterson . . . situated within the corporate limits of the city of Chicago aforesaid, and did then and there unlawfully violate section 49 Speed of the (UART) of the State of Illinois by driving said vehicle at the rate of 42 miles per hour within a zone where the prima facie speed limit was 30 miles per hour." In the Perlman case the court on page 249 said:

> "It has been held that in order to give the court jurisdiction of the subject matter in a criminal case it is essential that the accused be charged with a crime, and that if he is not so charged, without any necessity of his making a motion to quash or other objection to the pleadings and even in spite of the fact that he has entered a plea of guilty, any judgment rendered against him under such pleadings is void and may be attacked at any time either in direct pro-

ceedings on review or collaterally, and that no waiver or consent by a defendant in a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of criminal law."

At the time of the decision in that case the statute did not fix a speed limit and provided only that a vehicle shall not be driven at a speed greater than is reasonable and proper having regard to the traffic and use of the highway or so as to endanger the life or limb or injure the property of any person. The statute at that time also provided that driving in excess of certain posted speed limits was prima facie evidence of violation of the statute. The reason the court in that case reversed the judgment was because of the failure of the information in that case to allege that the vehicle was being driven at a speed greater than is reasonable and proper having regard to the traffic and use of the highway, and the court in that case said that the provision in the statute which makes a violation of properly posted speed limits prima facie evidence of a crime is a rule of evidence and not one of substantive law.

The Perlman case, however, can be of no comfort to the defendant in this case, since the statute has been amended and now provides specific limits at which a vehicle may be driven, and in other instances provides that the establishing of speed limits is delegated to the Department of Public Works and Buildings, section 49.01, the Toll Highway Commission, section 49.02; county boards in some cases, park districts, cities, villages, or any incorporated towns as to streets not under the jurisdiction of the Department of Public Works and Buildings or the Toll Highway Commission, section 50.

Section 50 UART also provides whenever any local authority or park district determines, upon the basis of any engineering or traffic investigation concerning a high-

way or street on which it is authorized by that section to establish speed limits, that the maximum speed limit prescribed in section 49 of the act is less than is reasonable or safe with respect to the conditions found to exist at any place or along any part or zone of said highway or street, the local authority or park district shall determine and declare by ordinance a reasonable and safe absolute maximum speed limit at such place or along such part or zone which increases the limit within an urban district, but not to more than 65 miles per hour. When such a limit so determined by a park district, city, village, or incorporated town becomes effective, it suspends the application of the limit prescribed in section 49 of the act when appropriate signs giving notice of the limit are erected at the zone of a highway or street. Section 49 of the UART (Ill Rev Stats 1965, c 95½, par 146) provides that in an urban district the maximum is 30 miles per hour, except in an alley the maximum is 15 miles per hour.

The argument made by the defendant is that the complaint did not inform him what body had determined the speed for the zone in which he was arrested on Calumet Expressway. The point raised by the defendant, however, is academic and need not be decided for the reason that section 49.01 UART provides that the Department of Public Works and Buildings may not fix a speed limit in excess of 70 miles per hour on a highway or street which is specially designed for through traffic, and may not fix a speed of more than 65 miles per hour on any other highway. Section 50 UART limits the maximum speed which may be determined by the county board, park district, city, village, or incorporated town to not more than 65 miles per hour. Since the complaint in this case alleges that the defendant was traveling at 87 miles per hour on Calumet Expressway in the City of Chicago, and the statute limits the speed which may be determined

by any local authority or park district to not more than 65 miles per hour, the complaint in this case was sufficient to charge a crime.

The report of proceedings was not made a part of the record on appeal, and the defendant does not here question the allegation that he was speeding at the rate of 87 miles per hour at the time of his arrest. The defendant far exceeded any limit as to speed fixed by statute for an urban area.

Judgment affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.